### BAUER et al. v. STRAUSS et al.

#### (Supreme Court, Appellate Term. March 8, 1912.)

1. LANDLORD AND TENANT (§ 18*)—ORAL LEASE—EVIDENCE—SUFFICIENCY.
    Evidence *held* to sustain a finding of an oral lease of premises for one year.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 45–48; Dec. Dig. § 18.*]

2. LANDLORD AND TENANT (§ 23*)—LEASE—ABROGATION.
    A valid oral lease is not abrogated by refusal of one of the parties to subsequently sign a written lease.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 60; Dec. Dig. § 23.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Carl Bauer and another against Louis Strauss and another, individually and as Strauss Bros. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiffs appeal. Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

L. & A. U. Zinke (Louis Zinke, of counsel), for appellants.
Herman B. Goodstein, for respondents.

SEABURY, J. This action was brought to recover $250, alleged to be due as rent for the month of October, 1911. The plaintiffs claim that they entered into an oral lease with the defendants, under which the plaintiffs leased certain premises to the defendants for a term of one year, to begin on May 1, 1911, at a rental of $3,000, payable in equal monthly installments of $250. During the negotiations of the parties in the month of April, the question was discussed as to how much rent should be charged for the balance of the month of April. It was finally agreed that the defendants should enter into possession at once and pay $200 for the use of the premises for the balance of this month. The defendants went into possession and paid the rent for April. The learned court below dismissed the complaint at the close of the plaintiffs' case, on the ground that it appeared from the evidence that the parties contemplated signing a writ-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

ten lease for the term of one year, and that the agreement which existed between the parties was merely an agreement to lease.

[1, 2] We think that the learned court erred in making this disposition of the case. The testimony of the plaintiffs' witnesses was clear and distinct upon the point that the lease was made orally, and that subsequently it was thought better that it should be expressed in written form. For some reason, which does not clearly appear, the defendants refused to sign the written lease when it was presented to them for signature. The refusal of the defendants to execute the written lease did not annul the oral lease, which the parties, according to the testimony of the plaintiffs' witnesses, had already made. Moreover, there were other circumstances which tended to corroborate the claim of the plaintiffs. The defendants paid a commission to the broker who had induced the plaintiffs to lease the premises to the defendants, and it would seem to be fairly inferable, from some of the testimony, that the defendants sublet a part of the premises. Such conduct on the part of the defendants indicates very plainly that they, as well as the plaintiffs, regarded the oral lease as made.

At the close of the plaintiffs' case a prima facie cause of action had been established, and it was for the jury to determine as a matter of fact whether or not the oral agreement, which the plaintiffs testified to, was in fact made. The fact that the parties had intended to embody their agreement in writing, and that the defendants repudiated the agreement before it was signed, did not serve either to disprove that there was an agreement or to render such an agreement unenforceable. As was said by the court in Brauer v. Oceanic Steam Nav. Co., 178 N. Y. 339, 343, 70 N. E. 863, 864:

"If oral negotiations of the parties were sufficient to establish a binding contract, we are inclined to the view that, under the plaintiff's testimony, the case would have been for the jury. He testified to an agreement upon all details sufficient to constitute a working contract. It is true that both parties expected that subsequently a formal written contract should be executed. But such an expectation or intent did not abrogate the force of the previous agreement as an obligatory contract."

The plaintiffs, having testified to the existence of an oral lease and to the failure of the defendants to pay the rent due under it, established their cause of action. If the defendants contradicted this testimony, and denied the making of the lease, an issue of fact would have been presented for the determination of the jury. In the absence of any denial or defense, it was improper to dismiss the complaint.

Judgment and order reversed, and new trial ordered, with costs to appellants to abide the event. All concur.